636 S.W.2d 396 (1982)
STATE of Missouri, ex rel., LAWYERS TITLE INSURANCE CORPORATION, Respondent,
v.
The Honorable Don U. ELROD Associate Circuit Judge of Madison County, Division III, and Gary L. Asher, Sheriff of Madison County, Appellants.
No. 45039.
Missouri Court of Appeals, Eastern District, Division One.
June 29, 1982.
*397 Malcolm H. Montgomery, Cape Girardeau, for appellants.
Kenneth W. Pratte, Williams & Pratte, Flat River, for respondent.
CRANDALL, Judge.
This is an appeal from a Writ of Prohibition issued by the Circuit Court of Madison County which prohibits the appellants from issuing a general execution and notice of levy pursuant to that execution. We affirm.
On April 21, 1978, Charter Finance Company, Inc., obtained a default judgment for $2,580.73 against Richard L. Myers in what was then the Magistrate Court of Madison County, Missouri. This judgment was never revived, nor was it transcribed to the circuit court.
Approximately three years and four months after the judgment was rendered, a general execution was signed on August 5, 1981, by appellant, the Honorable Don U. Elrod, Associate Circuit Judge of Madison County, by his Deputy Clerk, Hilda L. Tinnin.[1] Pursuant to this general execution, appellant, Gary L. Asher, Sheriff of Madison County, filed a notice of levy with the Recorder of Deeds on August 5,1981, thereby creating a lien on the real estate of Richard L. Myers. Coincidently, on August 5, 1981, Richard L. Myers conveyed the real estate in question by general warranty deed to Henry and Margaret Lamster. This deed was recorded on August 6, 1981.
On August 31, 1981, respondent filed a Petition for Writ of Prohibition to enjoin appellant Asher from selling the real estate in question, pursuant to the execution issued by appellant Judge Elrod. On October 29, 1981, a Writ of Prohibition was issued enjoining appellants from selling the real estate at execution sale, thus rendering the lien placed on the real estate unenforceable. This appeal ensues.
It has long been established that prohibition is an appropriate remedy where an inferior court lacks jurisdiction to proceed. State ex rel. Blackwell v. Elrod, 604 S.W.2d 768, 769 (Mo.App.1980). It is preventive in nature rather than corrective. State ex rel. McDonnell Douglas v. Gaertner, 601 S.W.2d 295, 296 (Mo.App.1980).
The dispositive issue presented is whether § 517.810, RSMo 1969,[2] is applicable to this case. Section 517.810, which was the law in effect at the time the judgment was entered, provided that: "No plaintiff nor his legal representative shall, at any time after the expiration of three years from the rendition of a judgment by any magistrate, sue out an execution thereon, unless such judgment shall be revived as herein directed."
On January 2, 1979, § 517.810 was repealed, thus the applicable law to circuit court and associate circuit court judgments became § 513.020, RSMo 1978[3] which provides: "Executions may issue upon a judgment at any time within ten years after the rendition of such judgment."[4]
Appellants argue § 513.020 is applicable to magistrate court judgments rendered prior to January 2, 1979, by reason of § 517.020.1(12).[5] We disagree. The Missouri *398 Constitution[6] generally prohibits retroactive application of enacted laws. There are, however, two recognized exceptions to the rule that a statute shall not be applied retrospectively: (1) where the legislature manifests a clear intent that it do so, and (2) where the statute is procedural only and does not affect any substantive right of the parties. State ex rel. St. Louis-San Francisco Ry. Co. v. Buder, 515 S.W.2d 409, 410 (Mo. banc 1974).
Section 517.020.1(12) does not clearly mandate retrospective application of § 513.020 to magistrate court judgments. As to the second exception, since the original judgment was not revived after the enactment of § 517.020.1(12) but before the expiration of the three-year period, the judgment is governed by § 517.810 as it then existed. Compare: Chenault v. Yates, 216 S.W. 817 (Mo.App.1919). A contrary holding would effect substantive rights of the parties by creating new obligations and would therefore be unconstitutional. Buder, 515 S.W.2d at 410; Mo.Const.Art. I, § 13.
The judgment is affirmed.
STEWART, P. J., and STEPHAN, J., concur.
NOTES
[1] Although the general execution contains a typed date of August 5, 1981, as the date of its signing, the filing stamp shows that the document was not filed with the court until August 7, 1981.
[2] Hereinafter referred to as § 517.810.
[3] All statutory references are to RSMo 1978 except § 517.810, RSMo 1969.
[4] See Rule 74.43.
[5] Section 517.020.1(12) states:

1. Statutes and supreme court rules now or hereafter in effect with respect to the following subject matters in civil actions filed before or heard by circuit judges shall also apply to the maximum extent practicable with respect to the cases or classes of cases to which this chapter 517 is applicable, except where provided otherwise in this chapter or in other statutes or supreme court rules which become effective after January 1, 1978;
(12) The effect of judgment, judgment liens, revival of judgments, the setting aside of judgment, and the collection and satisfaction of judgment.
[6] Mo.Const.Art. I, § 13.