Clarence PARKER and Lois Parker, Plaintiffs,

v.

ST. LOUIS COUNTY WATER COMPANY and Milton West, Third-Party Plaintiffs/Appellants,

v.

John HOFER, Elmer Rosenberg and Alexander Mount, Third-Party Defendants/Respondents.

No. 47264.

Missouri Court of Appeals, Eastern District, Division Three.

March 6, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 4, 1984.

Application to Transfer Denied May 15, 1984.

James F. Koester, St. Louis, for plaintiffs.

Paul S. Brown, St. Louis, for third-party plaintiffs/appellants.

Gerald W. Morris, St. Louis, for third-party defendants/respondents.

CRANDALL, Judge.

This is an appeal from the dismissal of a third-party petition. Appellants, third-party plaintiffs, are defendants in a personal injury suit brought by Clarence and Lois Parker. Clarence Parker, an employee of Laclede Gas Co., was injured while repairing an underground gas main, which he asserts was ruptured by the negligent excavation of earth by appellants. Respondents, third-party defendants, are John Hofer, District Superintendent; Elmer Rosenberg, Assistant District Superintendent; and Alexander Mount, Repair Foreman, all of whom are employees of Laclede Gas. The third-party petition asserts that respondents were co-employees of Parker, and that any injuries he may have sustained were the result of their negligence, thereby imposing liability on them, in whole or in part, for any recovery had by the Parkers against appellants. We affirm.

The negligence alleged in appellants' petition failed to show any affirmative acts that led to or increased the risk of injury.[1] The numerous allegations contained in the petition premised liability of the respondents upon their failure to require safety measures or provide safe tools or applicances. In substance, appellants charge respondents with failure to provide plaintiff with a reasonably safe place to work.

It is the employer's duty to provide a reasonably safe place to work. *McCoy v. Liberty Foundry Co.*, 635 S.W.2d 60, 63 (Mo.App.1982). The employer is immune from common-law liability for a breach of that duty by reason of the Workers' Compensation Act, § 287.120.1. An employee chosen to implement the employer's duty to provide a reasonably safe place to work enjoys the same immunity for mere failure to discharge that duty. *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 180 (Mo.App.1982). Therefore, a petition which charges a supervisory employee with the general failure to fulfill that duty pleads no actionable negligence. *Id.* In this case plaintiffs could not proceed directly against respondents; therefore, respondents are similarly immune from liability for indemnity or contribution in a third-party action. *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss*, 588 S.W.2d 489 (Mo. banc 1979).

Viewing the allegations in the third-party petition in the light most favorable to the

---

1. The allegations of negligence upon which appellants based their third-party petition are set forth in the Appendix to this opinion.

third-party plaintiffs, *Feinstein v. Edward Livingston & Sons, Inc.*, 457 S.W.2d 789 (Mo.1970), we hold that the trial court properly dismissed the petition.

The order of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.

## APPENDIX

### FIRST AMENDED THIRD–PARTY PETITION

\* \* \*

6. At the time of the ignition of escaping gas and fire resulting in alleged injury to Plaintiff Clarence Parker, and prior thereto, Third Party Defendants knew that gas was escaping under pressure from a broken gas main lying within a hole in the earth, knew that the gas main was made of plastic with a potential for creating static electricity, knew that static electricity or sparks had occurred or had been reported prior to the ignition, knew that static electricity or sparks would likely ignite the escaping gas, knew that the potential for ignition of the escaping gas created a substantial risk of fire and probable serious injury to anyone working nearby, particularly Plaintiff Clarence Parker.

7. Third Party Plaintiffs ... state that ... Third Party Defendants, in their capacities as co-employees of Plaintiff Clarence Parker, were negligent, jointly and concurrently, in the following respects, said negligence proximately causing Plaintiffs' alleged injuries and damages, to wit:

(a) Third Party Defendants personally and directly ordered Plaintiff Clarence Parker into the hole to repair the leak without first shutting off the flow of gas to the ruptured gas main;

(b) Third Party Defendants personally and directly failed to shut off the flow of gas into the ruptured main after it became apparent that a clamp used to seal the leak was not effectively stopping the escape of gas;

(c) Third Party Defendants personally and directly failed to order Plaintiff Clarence Parker out of the hole after the ineffectiveness of the clamp referred to in subparagraph (b) became known to them;

(d) Third Party Defendants personally and directly failed to reduce gas pressure in the main after it became apparent that rubber sealant strips, used in conjunction with the aforementioned clamp, were being blown away from the clamp by the force of gas, thereby preventing a seal of the gas flow;

(e) Third Party Defendants personally and directly provided a clamp insufficient in size to seal the leak when it was foreseeable to them that large leaks would occur, requiring longer clamps;

(f) Third Party Defendants personally and directly failed to provide two clamps of equal length which, when joined together, would have sufficed to seal the leak, when it was foreseeable to them that large leaks would occur requiring joinder of the two clamps;

(g) Third Party Defendants personally and directly ordered Plaintiff Clarence Parker into the hole to repair the leak without first requiring him to wear a protective flash suit, then available on the repair truck which, if worn, would have prevented or reduced his alleged burns;

(h) Third Party Defendants personally and directly failed to provide and have manned more than one fire extinguisher at the site of the gas leak repair operation;

(i) Third Party Defendants personally and directly permitted non-sparkproof tools to be used near the plastic gas main and escaping gas, thereby creating risk of discharge of static electricity;

(j) Third Party Defendants personally and directly employed for repair a stainless steel clamp that was not sparkproof, thereby increasing the risk of discharge of static electricity;

(k) Third Party Defendants personally and directly allowed one or more workmen in the hole, near the plastic gas main, which man or men were wearing articles of

nylon clothing thereby increasing the risk of the discharge of static electricity;

(*l*) Third Party Defendants personally and directly failed to apply to the plastic gas main anti-static solvent which was then commercially available, and Third Party Defendants knew or should have known of its availability, thereby increasing the risk of discharge of static electricity;

(m) Third Party Defendants personally and directly failed to apply water to the entire length of the exposed plastic gas main and surrounding earth, thereby increasing the risk of discharge of static electricity;

(n) Third Party Defendants personally and directly failed to take proper precautions to reduce the potential for discharge of static electricity at or near the site of escaping gas;

(*o*) Third Party Defendants personally and directly allowed Plaintiff Clarence Parker to remain in the hole, near the escaping gas with potential for ignition and fire, when they knew:

(1) the repair clamp had not effectively sealed the escaping gas;

(2) gas pressure had blown away rubber sealing strips;

(3) that static electricity or sparks had been reported some several minutes before the ignition of the escaping gas;

(4) that only one fire extinguisher was available;

(5) that Plaintiff Clarence Parker was not wearing a flash suit;

(6) that Plaintiff Clarence Parker was exposed to a high degree of risk of injury by fire resulting from ignition of escaping gas by static electricity.

8. Third Party Defendants knew that Plaintiff Clarence Parker was working in close proximity to highly volatile and flammable escaping gas, they knew that there existed a substantial risk that the gas would ignite and injury [sic] Plaintiff Clarence Parker, they knew of the great potential for ignition of the escaping gas by static electricity but, despite such knowledge and awareness, they proceeded to require Plaintiff Clarence Parker to work without a flash suit, they failed to shut off or reduce the pressure of the gas, they permitted the use of non-sparkproof tools at or near the escaping gas and they failed to take adequate precautions to reduce or eliminate the possibility of a static electric ignition of the escaping gas. In these particulars aforesaid, Third Party Defendants were guilty of willful, wanton and reckless conduct.