SUPREME AUTO·SALES, Respondent,

v.

Victoria BEDFORD, Appellant.

No. 47927.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 19, 1984.

Stan Platke, St. Louis, for appellant.

Dennis P. O'Loughlin, Clayton, for respondent.

REINHARD, Judge.

This is an appeal from a circuit court judgment reviving a 1976 magistrate court judgment. We affirm.

On January 8, 1976, plaintiff obtained a default judgment for $484.00 plus costs against defendant in the Magistrate Court of the City of St. Louis. In November of 1981, plaintiff filed a petition to revive the 1976 magistrate judgment by writ of scire facias. The Associate Circuit Court of the City of St. Louis revived the judgment. Upon defendant's application, a trial de novo was held in the Circuit Court of the City of St. Louis, and again plaintiff prevailed. This appeal ensued.

On appeal, defendant contends that plaintiff could not commence this action for revival in 1981 because the statutes relating to revival of magistrate court judgments, §§ 517.810, et seq., RSMo.1969, had been repealed and consequently, there existed no authority in 1981 to revive a magistrate judgment.

We find no merit to defendant's contention because there did exist statutory authority for this revival proceeding. Our

analysis requires a brief review of prior magistrate court practice. Under Missouri law as it existed at the time of the original magistrate judgment, execution could issue at any time up to three years from the date of the judgment's rendition. If execution did not issue within that time, the judgment had to be revived within ten years of rendition before execution could issue. § 517.810, RSMo.1969. A magistrate judgment was revived by filing an affidavit with the magistrate. § 517.820, RSMo. 1969. Once revived, the judgment lasted ten years and could be revived again. §§ 517.860, 517.870, RSMo.1969. The law relating to revival of circuit court judgments was similar. A circuit court judgment could be revived within ten years of rendition, § 511.370, RSMo.1978. This revived judgment could also be revived for an additional ten years. *Goddard v. DeLaney*, 181 Mo. 564, 80 S.W. 886 (Mo.1904); *Fidelity & Deposit Co. of Maryland v. Spitkaufsky*, 485 S.W.2d 132 (Mo.App. 1972).

■ The statutes relating to revival of magistrate court judgments were repealed as part of the Court Reform and Revision Act of 1978, effective January 2, 1979. Laws 1978, p. 696. At the same time, associate circuit court judges were created and given jurisdiction to hear and determine those "cases that could be heard and determined by a magistrate judge ... under provisions of law in effect on January 1, 1979." § 478.225.2(8), RSMo.1978. This clearly includes a proceeding to revive a magistrate court judgment. The legislature also concurrently expanded the coverage of circuit court statutes and Supreme Court rules relating to "[t]he effect of ... [the] revival of judgments ...", with respect to cases within 478.225.2(8). §§ 517.010.1 and 517.020.1(12), RSMo.1978. Consequently, in 1981, the associate circuit court had jurisdiction to order the revival of a magistrate court judgment pursuant to § 511.370, RSMo.1978, and Supreme Court rules.[1]

■ Defendant contends that allowing the revival of the judgment under these circumstances, though, runs afoul of the Missouri Constitution's proscription in Article I, § 13 against the retroactive application of statutes. While we acknowledge the general rule that a statute shall not be applied retrospectively, there are two recognized exceptions: (1) where the legislature manifests a clear intent that the statute apply retroactively or (2) where the statute is procedural only and does not affect any substantive rights. *State ex rel. San Francisco Ry. Co. v. Buder,* 515 S.W.2d 409, 410 (Mo. banc 1974).

Defendant relies on *State ex rel. Lawyer's Title Insurance Corp. v. Elrod,* 636 S.W.2d 396 (Mo.App.1982) in support of her contention that application of the statute at issue here is unconstitutional. In *Lawyer's Title,* plaintiff sought to execute on a 1978 magistrate court judgment more than three years after its rendition without first reviving it. There, as in the present case, the Court Reform and Revision Act had become effective during the judgment's three year execution period. Under the general execution statute, § 513.020, RSMo.1978, the execution period ran for a full ten year period without the need to revive, whereas a magistrate court judgment had to be revived after three years before execution could issue. This court held that retroactive application of § 513.020 could not be given to an unrevived magistrate court judgment because it would create new obligations and affect substantive rights of the parties. Retroactive application of § 513.020, RSMo.1978, would have added seven years to the period in which plaintiff could execute without revival. This would have worked a substantive change in the parties' rights; therefore, the statute was not within the procedural exception to the retroactivity prohibition.

■ We find *Lawyers Title* distinguishable from the case at bar and find that the application of § 511.370, RSMo.1978, under

**1.** This is implicitly recognized in *State ex rel. Lawyer's Title Insurance Corp. v. Elrod,* 636 S.W.2d 396, 398 (Mo.App.1982).

these circumstances is not unconstitutional. At the time the magistrate judgment was entered in 1976, plaintiff had ten years in which to revive the judgment. Retroactive application of § 511.370 also results in the plaintiff having a period of ten years from rendition of the judgment in which to revive the judgment. In both cases, the revived judgment would last ten years and could be revived for an additional ten years. Because § 517.020.1(12) was enacted concurrently with the repeal of § 517.-870, there was never a period during which plaintiff lost his right to revive the judgment. Thus, no substantive change in the rights of the parties occurs as a result of retroactive application, and the second exception to the prohibition of retroactivity is met.

Finally, defendant argues that transcription was the only available method of extending the life of a magistrate judgment beyond three years, and that transcription could only have been accomplished before the repeal of the magistrate statutes took effect. Because revival and transcription are different and independent procedures, we find no merit to this point.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.