STATE ex rel., James HARTMAN, Relator,

v.

The Honorable John K. KINTZ, Judge of the Circuit Court 21st Judicial Court, Division 33, Respondent.

No. 61538.

Missouri Court of Appeals, Eastern District, Division Five.

May 19, 1992.

Evans & Dixon, Gerre S. Langton, St. Louis, for relator.

Mogab & Hughes Attorneys, P.C., Richard L. Hughes, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Relator, James Hartman, seeks a writ of prohibition to prevent respondent, the Honorable John F. Kintz, from proceeding in the case of *Tracy v. Hartman*, No. 609923. We previously issued our preliminary writ, which we now make absolute.

Lawrence Tracy (husband) brought the underlying action for wrongful death against relator for the death of Violet Tracy (wife) in an industrial accident. Wife was employed by Lever Brothers Company in their St. Louis County plant which is managed by relator. Wife worked in the drying tower scraping detergent from the sides of the tower. During her shift, a large piece of dried detergent fell from the side of the tower and struck wife causing her death.

Thereafter, husband filed a two count petition alleging that relator failed to maintain a reasonably safe work environment. Count I pleaded negligence; Count II charged an intentional tort. Relator filed a motion to dismiss both counts for, inter alia, lack of subject matter jurisdiction. The trial court granted relator's motion as to count one, but denied it as to count two. Subsequently, relator sought prohibition to prevent respondent from proceeding further on the remaining count.

■ Prohibition is an appropriate remedy where the inferior court lacks jurisdiction to proceed. *State ex rel. Lawyers, etc. v. Elrod*, 636 S.W.2d 396, 397 (Mo.App. 1982). "It is preventive in nature rather than corrective." *Id.*

Relator claims that respondent does not have subject matter jurisdiction over an action by husband against a supervisory employee for failure to provide a safe work environment. We agree.

■ It is the employer's duty to provide a safe working environment. *Parker v. St. Louis County Water Co.*, 668 S.W.2d 182, 183 (Mo.App.1984). Section 287.120.1, RSMo (1986) of Missouri's Workers' Compensation Act provides an employer with immunity from common law liability for breach of that duty. *Id.* The immunity provided the employers under this statute extends to supervisory employees charged with carrying out the duties of the employer. *Id.* That immunity may be lost if the supervisory employee commits an affirmative act that causes or increases the risk of injury. *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 179 (Mo.App.1982); *McCoy v. Liberty Foundry Co.*, 635 S.W.2d 60, 63

(Mo.App.1982). Something more is needed beyond a breach of general supervision and safety. *Badami*, at 179.

■ Here, husband alleged in his petition that relator intentionally equipped the drying tower with an inadequate shield, failed to equip the tower with an automatic washing unit, and failed to warn wife of the hazards of her job. All of these acts relate solely to relator's general duty to supervise and to provide a safe working environment. The averment that relator acted intentionally is conclusory and is to be disregarded when, as here, it is not supported by the facts pleaded in husband's petition. *See McCoy*, 635 S.W.2d at 63.

The preliminary writ of prohibition is made absolute. We prohibit respondent from taking any further action in the underlying case other than entering an order dismissing the remaining count of husband's first amended petition.

GARY M. GAERTNER, and GRIMM, JJ., concur.