STATE of Missouri, ex rel. Dan
HAMMOCK, Relator,

v.

Honorable James R. DOWD, Presiding
Judge of the 22nd Judicial
Circuit, Respondent.

No. 71601.

Missouri Court of Appeals,
Eastern District,
Writ Division One.

Feb. 18, 1997.

Gary Mayes, James W. Erwin, Denise H. Bloch, St. Louis, for Relator.

Alif A. Williams, St. Louis, for Respondent.

CRANDALL, Presiding Judge.

Relator, Dan Hammock, seeks a writ of prohibition to prevent respondent, the Honorable James R. Dowd, from proceeding further against him in the underlying bodily injury and wrongful death action, *Brooks v. St. Louis Community College District, et al.,* No. 952–08411, an action pending in the Circuit Court of the City of St. Louis. On December 21, 1996, we issued our preliminary order in prohibition. We now make the writ of prohibition absolute.

On August 23, 1995, Sharon Brooks, the surviving spouse of Jackie Brooks (decedent), individually and as the administrator of decedent's estate, brought the underlying personal injury and wrongful death action against defendants: St. Louis Community College; Hammock and Stacy Hastie, decedent's fellow employees; and John Doe, an employee of St. Louis Community College. Her petition alleged that on August 27, 1994, decedent was employed by Environmental Operations, Inc. (employer), who contracted with St. Louis Community College to drain toxic

oil from an electrical transformer at Florissant Valley Community College. Brooks alleged that Hammock was employer's on-site project manager and was responsible for assuring a safe work environment; and although relator's duties included shutting down the transformer, he failed to do so. The petition specifically alleged the following acts:

30. By his above-described acts and failures to act, ... Hammock deliberately, intentionally and in conscious disregard for the safety of [decedent], subjected [decedent] to an extreme and unreasonable risk of death and injury.

31. By ordering, directing and permitting [decedent] to attempt the removal of the transformer drain plug without a prior check or adequate procedure to determine whether the transformer and all associated power sources had been shut down, Hammock created a separate and extreme risk of injury and death, far beyond that anticipated or contemplated by the ordinary duties and responsibilities of [decedent's] position of employment.

Brooks averred that Hammock's conduct caused decedent's death by electrocution.

Hammock and Hastie filed a joint motion to dismiss for failure to state a claim upon which relief could be granted and for lack of jurisdiction in the circuit court. Respondent granted the motion to dismiss as to Hastie, but denied the motion as to Hammock. Hammock then sought prohibition to prevent respondent from proceeding further against him.

■ Prohibition is an appropriate remedy where the lower court lacks jurisdiction to proceed. *State ex rel. Hartman v. Kintz,* 832 S.W.2d 9, 10 (Mo.App. E.D.1992). The purpose behind a writ of prohibition is to avoid useless suits, to minimize inconvenience to the parties, and to grant relief at the earliest possible moment in the litigation. *State ex rel. Feldman v. Lasky,* 879 S.W.2d 783, 784 (Mo.App. E.D.1994).

Hammock claims that respondent does not have *subject* matter jurisdiction over an action by Brooks against a supervisory employee for failure to provide a safe work environment for decedent. We agree.

■ It is the employer's duty to provide a safe working environment. *Kintz,* 832 S.W.2d at 10. Section 287.120.1, RSMo(1994) of Missouri's Workers' Compensation Act provides an employer with immunity from common law liability for breach of that duty. The immunity provided the employers under this statute extends to supervisory employees charged with carrying out the duties of the employer. *Id.* That immunity may be lost if the supervisory employee commits an affirmative act that causes or increases the risk of injury. *Id.* Something more is needed beyond a breach of general supervision and safety. *Id.*

■ Here, the negligence alleged in Brooks' petition failed to show any affirmative acts that led to an increase of risk of injury to decedent. Brooks' petition alleged that Hammock intentionally and with conscious disregard for decedent's safety failed to shut down the transformer and then ordered decedent to remove the transformer's drain plug without checking to see if the transformer was shut down. Hammock's acts, however, related solely to his general duty to supervise and to provide a safe working environment. *See, e.g., Parker v. St. Louis County Water Co.,* 668 S.W.2d 182, 183 (Mo.App.1984) (employee repairing gas leak in hole barred from bringing action in negligence against co-employees where alleged negligence was co-employees' failure to shut off the gas flow and to order him out of hole, because allegations related to employer's duty to provide reasonably safe place to work). The averment that Hammock acted intentionally is conclusory and is to be disregarded when, as here, it is not supported by the facts pleaded in Brooks' petition. *See Kintz,* 832 S.W.2d at 10. Hammock is therefore immune from liability under Missouri's Workers' Compensation Act.

The preliminary writ of prohibition is made absolute. Respondent is prohibited from taking any further action in the underlying action against Hammock other than

entering an order dismissing Brooks' cause of action against Hammock.

RHODES RUSSELL and HOFF, JJ., concur.