KRUSE, and others, Respondents, v. SCHIEVE, Appellant: TEXTILE MACHINERY, INC., Defendant.

*No. 657 (1974). Argued March 3, 1976.—*
*Decided April 7, 1976.*
(Also reported in 240 N. W. 2d 159.)

For the appellant there was a brief by *Godfrey, Neshek, Worth & Howarth, S. C.* of Elkhorn, and oral argument by *Robert C. Leibsle.*

For the respondents there was a brief by *James E. Brennan* and *Campbell, Brennan, Steil & Ryan, S. C.* of Janesville, and oral argument by *James E. Brennan.*

HEFFERNAN, J. This is an appeal from an order overruling the demurrer to the plaintiff's amended complaint. The defendant Schieve is the vice-president of Monterey Mills, Incorporated. The plaintiff, Penny Lee Kruse, was an employee of that company. This action is brought against Schieve because of his alleged negligence and conduct as a coemployee of the plaintiff Kruse. The industrial accident occurred when the plaintiff's left hand was crushed by the rollers of the textile carding machine that she was employed to operate.

The question presented in this case is whether the complaint sufficiently alleges facts showing that Schieve's negligence was in the course of his duties as a coemployee of Kruse and not in the course of his general supervisory duties as vice-president of the corporation. We conclude that the allegations are sufficient to state a cause of action against Schieve as a coemployee.

This case is before us for the second time. In *Kruse v. Schieve* (1973), 61 Wis. 2d 421, 213 N. W. 2d 64, this court held that the facts pleaded were insufficient to allege Schieve's responsibility as a coemployee and di-

rected that the demurrer be sustained. Upon remand, the plaintiff Kruse filed the amended complaint now before us.

In this case, as in the original case, the defendant demurred on the ground that the exclusive remedy of an employee against the employer for a work-related injury was that afforded by the workmen's compensation laws. The defendant argues here, as he did in the earlier case, that all that is alleged is the conduct of Schieve as the vice-president of the corporation and that, because the acts were those of Schieve in the performance of the duties he owed the corporate employer, the cause of action is insufficient. The contention is that the action seeks to circumvent the employer's immunity from common-law liability.

In the original case, we clarified the legal question and pointed out that the law permitted a third-party action against an officer of the corporation when that corporate officer was acting as a coemployee and not acting in his capacity as a corporate officer. This holding was based upon a previous decision of this court. *Wasley v. Kosmatka* (1971), 50 Wis. 2d 738, 184 N. W. 2d 821. In *Kruse Case No. 1* (p. 425), we said that third-party actions will be permitted "against corporate officers only when such officer has doffed the cap of corporate officer, and donned the cap of a coemployee."

We said that the general duty of proper supervision is the duty owed by the corporate officer to the employer and not a duty owed to the fellow employee and that, in order to "doff the cap of corporate officer," something extra is needed over and beyond the duty owed the employer.

Although the particular language of *Kruse Case No. 1* was not theretofore employed by this court, in *Wasley, supra,* we held that an officer of the deceased's corporate employer, who at the time was acting in the capacity of

a coemployee and not in his capacity as president of the corporation, was subject to a third-party action.

In *Pitrowski v. Taylor* (1972), 55 Wis. 2d 615, 201 N. W. 2d 52, we held that officers of a corporation, who were actively engaged in loading a truck and whose conduct was alleged to be negligent, could be subject as coemployees to a third-party liability suit.

The complaint in *Kruse Case No. 1* was found to be insufficient, because the complaint alleged that the defendant " 'was an employee and vice-president' and 'as an employee and vice-president . . . supervised the engineering and maintenance and production in the factory.' " (P. 429)

This court held that the allegations were so commingled that it was not clear whether the defendant was acting in his capacity as the representative of the corporate employer or whether he had gone beyond that capacity and departed from that function to assume the actual role of a coemployee. The court also pointed out that the acts of negligence alleged were, in part, based on conduct stemming from the possible status of the defendant as a coemployee. In a collage of mixed culinary metaphors, the court referred to the complaint as an omelet and as a scrambled egg. The case was remanded to the trial court for the preparation of a poached egg.

The amended complaint filed for the purpose of compliance with *Kruse Case No. 1* attempts, and we believe with sufficient success, to make clear that at least some of the items of negligence alleged are in respect to Schieve's conduct as a coemployee and not as an officer or representative of a corporate employer.

The complaint alleges in part:

"3. That on information and belief the defendant, Donald M. Schieve, is an adult resident of Janesville, Rock county, Wisconsin, and at all times material herein was employed by Monterey Mills, Incorporated, a Wisconsin corporation, located in Janesville, Wisconsin, said

corporation being engaged in the manufacture of textiles; that the said Donald M. Schieve supervised the engineering and maintenance and production in the factory of the company and had supervision and control of the employment of Penny Lee Kruse as hereinafter described."

"7. That, on information and belief, at and prior to the above described accident the defendant, Donald M. Schieve, in his capacity as a coemployee of the plaintiff, Penny Lee Kruse, was negligent in the following respects:

"A. In failing to personally instruct the plaintiff in the correct way to operate the machine;

"B. In failing to personally provide her with adequate assistants in cleaning the machine;

"C. In failing to personally warn her of the hazards to be encountered in operating the machine;

"D. In personally allowing the plaintiff to clean the machine while it was in operation;

"E. In personally directing and permitting the removal of a guard or cover from the rollers of the machine which would have protected the plaintiff from this injury;

"F. In personally allowing the plaintiff and others to operate the machine when it was not equipped with a cut-off switch easily accessible to the operator;

"G. In personally allowing the machine to become disabled and in need of repair and maintenance causing the fibers to gather on the drums and rollers."

The amended complaint omits all reference to Schieve's position or function as a vice-president. The complaint successfully eliminates what was objectionable in the earlier cause of action—the commingling of Schieve's conduct as a coemployee with his status and capacity as a corporate officer.

While the complete success of the plaintiff in clarifying the dual role of the defendant Schieve is questionable in respect to some of the allegations, paragraph 7E states without equivocation:

"That . . . the defendant, Donald M. Schieve, in his capacity as a coemployee of the plaintiff, Penny Lee Kruse, was negligent . . . :

"E. In personally directing and permitting the removal of a guard or cover from the rollers of the machine which would have protected the plaintiff from this injury."

That paragraph of the complaint spells out a cause of action against Schieve for conduct undertaken by him, not as a representative of the employer, but in his conduct as a coemployee who owed Kruse the duty to refrain from negligence.

The other allegations are arguably insufficient, but we are here concerned only with "a cause of action": Are the facts alleged sufficient to show a duty owed by the defendant to the plaintiff and conduct which, if proved, would show a breach of that duty. *See: Caygill v. Ipsen* (1965), 27 Wis. 2d 578, 135 N. W. 2d 284. That the complaint does at least this is clear.

The other allegations are indicative of negligence, but they are less clear in showing on their face that they involve acts of commission or omission by Schieve as the coemployee, rather than as the representative of the employer.

We conclude, however, that the plaintiff should not be foreclosed of her proof at trial to demonstrate that these other acts alleged were all or in part performed by Schieve as a coemployee. As we said in the *per curiam* opinion on rehearing in *Anderson v. Green Bay Hockey, Inc.* (1973), 56 Wis. 2d 763, 771, 203 N. W. 2d 79:

"The specific questions concerning the status and conduct of defendants-appellants are questions of fact to be resolved after trial. At this stage, analyzing the complaint on demurrer, the complaint . . . alleges acts of common-law negligence on the part of all defendants-appellants as coemployees . . . ."

It, of course, behooves the plaintiff to prove at trial that the capacity in which Schieve was performing when he committed the allegedly negligent acts was divorced from his duties to his employer as an officer of the corporation.

The complaint alleges a specific, direct, and personal breach of duty to exercise ordinary care toward the plaintiff. The complaint alleges sufficient facts to state a cause of action against Schieve as a coemployee. The trial court correctly overruled the demurrer.

*By the Court.*—Order affirmed.