**Luther RHODES, Plaintiff-Appellant,**

**v.**

**Verlin ROGERS, Defendant-Respondent.**

No. 13336.

Missouri Court of Appeals,
Southern District,
Division Two.

July 30, 1984.

Motion for Rehearing or Transfer Denied
Aug. 22, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Richard D. Crites, Springfield, for plaintiff-appellant.

Kenneth H. Reid, Turner, Reid, Duncan, Loomer & Patton, Springfield, for defendant-respondent.

HOGAN, Judge.

In this case involving an industrial injury, plaintiff appeals from the entry of a summary judgment. We affirm.

This action was commenced in the Circuit Court of Douglas County. The averments of plaintiff's petition, slightly paraphrased, were: 1) That at all times material, defendant was a partner in an enterprise known as Rogers Brothers Tire Co.; 2) that Rogers Brothers Tire Co. was an "employer" within the scope and intent of § 287.030, RSMo. 1978;[1] 3) that at the time of the accident defendant Verlin Rogers "[acted in] a dual capacity, i.e., that of a partner in a co-partnership and that of a servant and employee of the said partnership," and 5) that defendant

> "in ... complete indifference to and in conscious disregard of the safety of the Plaintiff, wrongfully, unlawfully [and] in-

---

1. References to statutes and rules are to RSMo 1978 and Missouri Rules of Court (14th ed. 1983), except where otherwise noted. Chapter 287, RSMo is, of course, the Workers' Compensation Act.

tentionally poured gasoline into a tire upon which the Plaintiff had been working, and lit a match to the gasoline, in an effort to cause an explosion of the mixture of gasoline and air, in order to fill the tire with air, so as to force the tire onto the rim . . . ."

It was further alleged that an explosion occurred, and as a result a tire tool was forced through the plaintiff's abdomen and against his sacroiliac joint, causing severe injuries.

By factual and conclusional averment in his answer, defendant pled among other things that because a partnership is not a distinct legal entity, it is not possible for a member of a partnership to act in a dual capacity so as to be both an employer and an employee within the provisions of the Workers' Compensation Act. Further, defendant pled the exclusivity of plaintiff's remedy under the Act. The fair intendment of subparagraphs (c), (d) and (e) of paragraph 10 of defendant's answer is that the liability of the defendant to the plaintiff is fully insured under the Act, and that the employer and insurer have "accepted" plaintiff's claim for compensation and medical expenses as required by law.

Contemporaneously, the defendant moved for a summary judgment pursuant to Mo.R.Civ.P. 74.04. Two affidavits were filed with the motion but in the view we take of this appeal, it is unnecessary to consider the content or procedural effect of these affidavits. The trial court entered a summary judgment.

With deference to plaintiff's counsel, we have also concluded no general discussion of the disposition of tort cases by summary judgment would be useful in this case. In *Pagan v. City of Kennett*, 427 S.W.2d 251, 252–53[1–4] (Mo.App.1968), this court summarized the juridical reasons which militate against the use of summary judgments in tort cases. We need not repeat those reasons, for we have concluded the petition is demurrable and leave to amend would be ineffectual.

The principles which the plaintiff sought to invoke in this action may be very broadly stated thus: 1) The Workers' Compensation Act does not preempt an employee's common-law right of action against an offending third person, and in some circumstances a coemployee, fellow servant or supervisory employee may be a "third person," *Schumacher v. Leslie*, 360 Mo. 1238, 1244, 232 S.W.2d 913, 916–18 (banc 1950); *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 177 (Mo.App.1982); *Sylcox v. National Lead Co.*, 225 Mo.App. 543, 552, 38 S.W.2d 497, 502 (1931); 2) As a matter of *general law*, a corporate officer or supervisory employee performs in a dual capacity; he is immune from common-law action by a fellow employee "under the workmen's compensation law [when] his negligence is based upon a general non-delegable duty of the employer," but does not enjoy that immunity if his affirmative act causes or increases the risk of injury. *State ex rel. Badami v. Gaertner*, 630 S.W.2d at 179. The order or nature of the breach of duty which renders a supervisory employee liable within the exception just stated remains elusive; our colleagues at St. Louis held in terms that "[s]omething 'extra' is required beyond a breach of [the supervisory employee's] duty of general supervision and safety, for that duty is owed to the employer, not the employee." Id. at 179. If this statement seems a bit imprecise, the general authorities do no better. See: 2A A. Larson, Workmen's Compensation Law §§ 72.10–72.14 (1983); Annot., 21 A.L.R.3d 845, 850–58 (1968); 81 Am.Jur.2d, Workmen's Compensation § 67, p. 754–55 (1976). The plaintiff contends that defendant "affirmatively increased the risk of injury through an act which was intentional on his part." He does not suggest that the defendant intentionally acted with the specific purpose of injuring him. See *McCoy v. Liberty Foundry Co.*, 635 S.W.2d 60, 62[1] (Mo.App.1982). Given most favorable intendment, plaintiff's petition avers an intention to pour gasoline in the tire, not an intention to injure the defendant. Counsel's characterization of the act adds noth-

ing to the substance of his averments. Id. at 63[4].

However, what prevents the statement of a claim upon which relief can be granted in this case is the parties' agreement that the employing unit is a partnership. In *Anderson v. Steurer*, 391 S.W.2d 839, 843[4–7] (Mo.1965), our Supreme Court held:

"... In Missouri we usually follow the aggregate or common law theory rather than the entity theory as to partnerships. This means that an employee of a partnership is also an employee of each individual partner. Assuming that Steurer and Stroup were joint adventurers, the application of the above doctrine regarding partnerships to the instant case would mean that plaintiff was an employee of Stroup *and* an employee of Steurer. Under those circumstances, *plaintiff could not maintain an action for damages against his employer, Steurer, as a negligent third party. Liability would be under the Workmen's Compensation Act exclusively.* § 287.120. We do not find where this question has been passed on specifically in Missouri, but it has been so ruled in other states which follow the aggregate rather than the entity theory of partnerships...." (Emphasis added; citations omitted.)

This court restated the principle just quoted in *Griffin v. Doss*, 411 S.W.2d 649, 651 (Mo.App.1967), and both cases follow what appears to be the great weight of authority. 2A A. Larson, Workmen's Compensation Law § 72.15.

Of course, the law is dynamic, not static, and since *Anderson* was handed down in 1965, our Supreme Court has stated unequivocally that a partnership may be considered an "employer" within the intent of § 287.020.1. *Crall v. Hockman*, 460 S.W.2d 668, 671–72 (Mo.banc 1970). We find nothing in *Crall*, however, or in any subsequent controlling decision, which indicates any intention to overrule *Anderson*. *Anderson* is entirely consistent with the statutory rule that the tort liability of the members of a partnership is not severable,

§ 358.130; cf. *Ward v. State Farmers Mutual Tornado Ins. Co. of Mo.*, 441 S.W.2d 1, 4 (Mo.1969), and it is our carefully considered opinion that *Anderson* is controlling here.

For the reasons stated, the judgment of the trial court is affirmed.

MAUS, P.J., and PREWITT, J., concur.