**Sara E. STEWART and Steven C. Stewart, Plaintiffs–Appellants,**

v.

**John LITTLE and Keith Craig, Defendants–Respondents.**

**No. WD 43119.**

Missouri Court of Appeals, Western District.

Oct. 23, 1990.

Michael W. Hanna, Raytown, for plaintiffs-appellants.

Robert A. Henderson, Joseph J. Roper, Thomas A. Sheehan, Shughart, Thomson & Kilroy, Kansas City, for defendants-respondents.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

TURNAGE, Presiding Judge.

Sara Stewart and her husband, Steven, filed suit against John Little and Keith Craig for damages sustained by Sara while

she was employed as a teacher at Raytown South High School. Little and Craig were assistant principals at the school when Stewart was raped by a student. The court dismissed the petition and Stewart appeals contending that her cause of action is not barred by the Workers' Compensation Law. Affirmed.

On May 20, 1988, Sara was in her classroom at Raytown South when she was attacked and taken to the stage of an adjoining theater and raped. The Stewart petition alleged that Little and Craig were assistant principals of the high school at the time of the rape. The petition alleged that student Daniel Jones committed the rape but should have been in the cafeteria eating lunch at the time of the attack. The petition alleged that Little was negligent in: (1) failing to adopt adequate procedures to identify and deal with students with dangerous propensities such as Jones, (2) failing to identify the dangerous propensities of Jones, (3) negligently supervising Jones, (4) negligently disciplining Jones, (5) negligently failing to adopt a plan to insure the safety and security of the stage area immediately adjacent to Sara's classroom, (6) failing to adopt procedures to insure that all students were actually present in the cafeteria during their scheduled lunch time, and (7) failing to take adequate steps to insure that Jones was in the cafeteria during his scheduled lunch break.

The allegations against Craig were virtually identical.

Little and Craig filed motions to dismiss on the ground that the Stewarts' claim was barred because Sara had received workers' compensation benefits.

Sara concedes that she is barred by the Workers' Compensation Act from proceeding against the Raytown Consolidated School District. The question is whether the petition states facts sufficient to allege a cause of action against the two assistant principals. The petition alleges the two defendants were charged by the school district with maintaining a reasonably safe place for teachers to work.

In *Parker v. St. Louis County Water Co.*, 668 S.W.2d 182, 183[1–4] (Mo.App. 1984), the court held that it is the employer's duty to provide a reasonably safe place to work and the employer is immune from common-law liability for breach of that duty because of the Workers' Compensation Law. The court further held that an employee chosen to carry out the employer's duty to provide a reasonably safe place to work is entitled to the same immunity as the employer for the failure to carry out that duty. The court held that "a petition which charges a supervisory employee with the general failure to fulfill that duty pleads no actionable negligence."

In *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 180–81[3] (Mo.App.1982), the court held that in order to state a cause of action against a co-employee who is charged with the duty of providing a reasonably safe place to work it is necessary to allege something more than the failure to fulfill that duty.

In short, an injured employee who sues a co-employee for injuries covered by workers' compensation must allege more than that the employee charged with carrying out the employer's duty to provide a reasonably safe place to work failed to perform that duty. Measured by that requirement, the petition in this case fails to state a cause of action. The allegations in the petition as to Little or Craig relate solely to the failure to discharge their duty to provide Sara with a reasonably safe place to work. To state a cause of action *Badami* requires that something more be pleaded than the mere failure on the part of a co-employee to provide a reasonably safe place to work. The petition in this case failed to plead "something more" on the part of Little and Craig. For that reason the petition failed to state facts upon which relief could be granted.

The judgment is affirmed.

All concur.