Alfred HOLLAND By and Through his guardian and next friend, Lavetta GARDNER, Plaintiff–Appellant,

v.

W.A.S.P. INC. a/k/a Watkins Aircraft Support Products, Inc. and R.M. Gooch, Defendant–Respondent.

No. 61072.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1992.

Nangle & Nangle, P.C., Bruce Nangle, Barbara Nangle, Stephen J. Nangle, St. Louis, for plaintiff-appellant.

Evans & Dixon, Eugene K. Buckley, John S. McCollough, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Appellant, Alfred Holland, brought a multi-count petition against Watkins Aircraft Support Products and respondent Richard M. Gooch, alleging negligence.[1] Respondent filed a motion to dismiss alleging a failure to state a claim upon which relief could be granted based upon the applicable statute of limitations and a lack of subject matter jurisdiction. The trial court granted the motion to dismiss and this order was designated as a final judgment for purposes of appeal. The trial court gave no rationale for its order. We have looked at both grounds offered by respondent and affirm the judgment based on a lack of subject matter jurisdiction.

Appellant was injured on October 22, 1983, while working as an air cargo handler for Trans World Airlines (TWA). The injury occurred when a cargo container shifted and rolled from the container trailer appellant was towing and struck appellant. At all relevant times concerning the accident respondent held the position of Master Engineer of Ground Equipment Engineering with TWA. On October 16, 1991, appellant filed his third amended petition in which he alleges respondent was negligent in designing the container trailers in that he failed to make certain safety requirements and, therefore, appellant was injured. Respondent filed a motion to dismiss which was granted and this appeal followed. Additional facts will be developed as necessary.

■ The motion to dismiss admits, for the purpose of the motion, all facts well pleaded and in considering a petition on a motion to dismiss the court must construe it liberally and favorably to plaintiff, giving him the benefit of all inferences fairly deducible from the facts stated. (Citations omitted). *Jaime v. Neurological Hospital*

*Association of Kansas City*, 488 S.W.2d 641, 643 (Mo.1973).

■ Appellant argues the trial court erred in granting the motion to dismiss. We disagree. We find the lack of subject matter jurisdiction sufficient for the trial court to sustain the motion. Respondent contends he is immune from common law liability for any alleged failure to implement his employer's duty to provide appellant with a reasonably safe place to work and cites *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175 (Mo.App.1982) in support.

In *Badami* plaintiff's hand was injured when it was drawn into a shredding machine. *Id.* at 176. Plaintiff received benefits from his employer under the Workers' Compensation Law and then filed a subsequent civil suit seeking damages from the corporate president of his employer and the product manager of the company. Plaintiff's suit sought to recover from defendants for negligence from their alleged failure to equip the shredding machine with certain safety devices which would have prevented plaintiff's injury. *Id.* Defendants' motion to dismiss for lack of subject matter jurisdiction was upheld and this court stated "[c]harging the employee chosen to implement the employer's duty to provide a reasonably safe place to work merely with the general failure to fulfill that duty charges no actionable negligence. Something more must be charged." *Id.* at 180.

Here, as in *Badami*, appellant received benefits from his employer (TWA) under the Workers' Compensation Law and then brought suit against respondent, an employee of TWA, claiming appellant was injured as a result of respondent's failure to equip machinery with proper safety devices. Appellant argues that there is "something more" as is required by *Badami* and that something more is respondent's engineering malpractice. We disagree. A division of this court in *Badami* held that a corporate officer or supervisory employee had immunity unless they take

1. The issues raised before this court only address the issues pertaining to respondent Gooch.

an affirmative action causing or increasing the risk of injury.[2] Something "extra" is required beyond the breach of duty of general supervision and safety because that duty is owed to the employer, not a co-employee. (Citations omitted). *Id.* at 179. The fact that respondent is a professional engineer is not an affirmative action which would constitute the "something more" required by the *Badami* opinion. Therefore, we affirm the trial court's decision sustaining the motion to dismiss based on a lack of subject matter jurisdiction.

Judgment affirmed.

STEPHAN and CRIST, JJ., concur.

---

**2.** Division Four of this court handed down *Dierkes v. Banahan,* No. 59931 slip op., 1992 WL 59719 (Mo.App. March 31, 1992) in which it transferred to the Supreme Court for reexamination of a coemployee's liability occurring within scope of employment.