**Mary WORKMAN and Edward Workman, Plaintiffs–Appellants,**

**v.**

**Linda VADER, Defendant–Respondent.**

**No. 18497.**

Missouri Court of Appeals, Southern District, Division One.

April 23, 1993.

Motion for Rehearing or Transfer Denied May 18, 1993.

Application to Transfer Denied June 29, 1993.

Craig A. Smith, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for plaintiffs-appellants.

Lincoln J. Knauer, Mark D. Pfeiffer, Farrington & Curtis, Springfield, for defendant-respondent.

SHRUM, Judge.

The plaintiffs, Mary Workman and Edward Workman, her husband, appeal after the trial court sustained defendant Linda Vader's motion to dismiss their common law claims. The plaintiffs' claims are for Mary's personal injuries and Edward's loss of consortium alleged to have been caused by the negligence of the defendant, a co-employee of Mary.

We reverse and remand.

## FACTS

In Count I of the petition, Mary seeks damages from the defendant for injuries she sustained at a Wal–Mart store, her place of employment. She alleges that she was hired by Wal–Mart to work in its jewelry department; that the defendant was a "co-employee and Department Manager ... also working in the jewelry ... department"; and that in July 1990, while working there with the defendant, she was injured. In paragraph 5 she charges that her injuries were caused by the defendant's negligence in that Vader had

carelessly and negligently thrown a cardboard box and packing debris on the floor behind the counter in the jewelry department.... [S]aid cardboard box concealed and hid packing debris or materials, such as plastic bags, small cardboard ... boxes, and styrofoam packing pieces underneath said cardboard box; and ... plaintiff then stepped on the edge of the cardboard box which slipped whereby she lost her balance, grabbed ... an adjacent pole to avoid falling completely, and thereby twisted ... her back.

Allegations in paragraph 6 include the following:

6. [D]efendant ... was negligent ... as follows:

a. Failed and omitted to dispose of the packing debris ... in a proper disposal bin or trash can;

b. Failed and omitted to dispose of the packing debris ... in a trash bin or wastebasket per Wal–Mart's established policies for safety; or,

c. Failed and omitted to warn plaintiff that there was packing debris ... which would act as a slippery or unstable substance underneath the cardboard box.

In Count II Edward asserts his derivative loss of consortium claim by incorporating the Count I negligence allegations.

The defendant moved to dismiss the plaintiffs' petition, claiming that the plaintiffs had failed to state a claim for which relief could be granted because the factual basis for their claim placed it within the exclusive domain of The Workers' Compensation Law. Without stating its reasons, the trial court sustained the defendant's motion to dismiss. This appeal followed.

## SCOPE OF REVIEW

∎ In reviewing the grant of a motion to dismiss a petition, we must determine if the facts pleaded and the inferences reasonably drawn therefrom demonstrate any ground for relief. We deem the facts alleged in the petition to be true, construe all allegations liberally and favorably to the appellants, and determine whether the pleadings invoke principles of substantive law upon which relief can be granted. *Detling v. Edelbrock*, 671 S.W.2d 265, 267 (Mo. banc 1984). *See also Magee v. Blue Ridge Professional Bldg.*, 821 S.W.2d 839, 842 (Mo. banc 1991); *Lowrey v. Horvath*, 689 S.W.2d 625, 626 (Mo. banc 1985). Moreover, when, as here, a trial court gives no reasons for dismissal, we assume it acted for the reasons offered in the motion to dismiss. *Stevenson v. City of St. Louis School Dist*, 820 S.W.2d 609, 611 (Mo.App. 1991).

## DISCUSSION AND DECISION

The trial court apparently concluded that the defendant had immunity because of her supervisor, co-employee status. We disagree.

∎ Before *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175 (Mo.App.1982), was decided, Missouri courts consistently held that a co-employee, fellow servant, or foreman was a "third person" within the meaning of § 287.150 who could be sued by an injured co-employee for negligence that resulted in the compensable injury. *Schumacher v. Leslie*, 360 Mo. 1238, 232 S.W.2d 913 (banc 1950); *Lamar v. Ford Motor Co.*, 409 S.W.2d 100 (Mo.1966); *Sylcox v. National Lead Co.*, 225 Mo.App. 543, 38 S.W.2d 497 (1931). In *Badami*, the Eastern District imposed limits on that principle, the limit being that a co-employee must be charged with something more than failure to provide a safe place to work.

Background facts in *Badami* follow. After receiving workers' compensation benefits, an injured party then sued the corporate president and production manager as third-party tortfeasors for failure to equip the machinery causing the accident with proper safety devices. In a prohibition proceeding, the Eastern District ruled that the injured party could not proceed with his common law suit; that the individual defendants were not liable for failure to perform duties assigned to them by the employer to supply a safe place to work. In so doing, the *Badami* court traced the history of the development of the "misfeasance-nonfeasance" concepts of co-employee negligence, canvassed the law on this issue in other jurisdictions, and concluded that the approach developed by the Wisconsin courts came closest to defining the intent of our legislature. 630 S.W.2d at 180[2, 3].

> [In Wisconsin] it is held that a corporate officer or supervisory employee performs in a dual capacity. He has immunity under the workmen's compensation law where his negligence is based upon a general non-delegable duty of the employer; he does not have immunity where he does an affirmative act causing or increasing the risk of injury. Something "extra" is required beyond a breach of his duty of general supervision and safety, for that duty is owed to the employer, not the employee.

*Badami*, 630 S.W.2d at 179 (citing *Kruse v. Schieve*, 61 Wis.2d 421, 213 N.W.2d 64 (1973); *Kruse v. Schieve*, 72 Wis.2d 126, 240 N.W.2d 159 (1976); *Laffin v. Chemical Supply Co.*, 77 Wis.2d 353, 253 N.W.2d 51 (1977)). The only negligence charged in *Badami* was that the individual defendants had failed to provide the plaintiff with a reasonably safe place to work. Because that allegation involved a breach of duty owed to the employer—not the employee— the court granted the defendants immunity under The Workers' Compensation Law, saying, "Charging the employee chosen to implement the employer's duty to provide a reasonably safe place to work merely with the general failure to fulfill that duty charges no actionable negligence. Something more must be charged." *Badami*, 630 S.W.2d at 180[2, 3].

After *Badami*, the "something more" necessary to impose liability upon a co-employee was determined by Missouri courts on a case-by-case basis. For example, in *Stanislaus v. Parmalee Industries*,

*Inc.*, 729 S.W.2d 543 (Mo.App.1987), plaintiff was injured while working for Allis Chalmers when safety glasses furnished by Allis failed. He sued Rush, the safety service manager, alleging that he failed to purchase safety glasses which were less dangerous (such as plastic); warn or instruct plaintiff or to deliver manufacturer's warnings that the glasses were breakable; inspect the glasses or inquire as to quality control tests; conduct classes or give instructions to the wearers of such glasses as to their limitations; and perform his duties as safety service manager, which included providing safe, sound, adequate, and otherwise unflawed instrumentalities including safety glasses. Plaintiff argued that his allegation spoke to Rush's misfeasance. The court rejected that argument saying:

> These are all acts of omission of duties owed by Rush to his employer, which constituted mere nonfeasance, which duties had been delegated to him. Under the Badami decision and its progeny, Rush is not liable personally for the nonperformance of those duties, none of which were independent of his duties to his employer, in whose shoes he stands under the allegations in this case.

*Stanislaus*, 729 S.W.2d at 546–47.

In *Craft v. Scaman*, 715 S.W.2d 531 (Mo.App.1986), 76 A.L.R.4th 351 (1986), a different result was reached. There plaintiff was working for a corporation that operated a fireworks factory. Plaintiff was operating an electrically powered machine that transferred fireworks fuse from one spool to another. A flange on one of the spools separated from the spool's cylinder. Plaintiff called defendant (the corporation president) to the machine. Defendant examined the machine, propped up the broken spool with a board, and told plaintiff to go ahead and run the machine. Plaintiff did so but slowly. Thereupon defendant told him to speed up; plaintiff did so and very soon a flash fire occurred, engulfing plaintiff in flames. The *Craft* court held:

> [T]he "something extra" required to impose tort liability includes any affirmative act, taken while the officer is acting outside the scope of the employer's responsibility, that breaches a personal duty of care the officer owes to a fellow employee. In the instant case, the averments in plaintiff's petition indicated that defendant's affirmative act had caused or increased the risk of the plaintiff's injury. Plaintiff alleged that "defendant negligently and carelessly applied friction to the spinning reel of fuse," thereby cause the fire that injured plaintiff. This act did not involve any general, nondelegable duty of the employer, such as the duty to provide a reasonably safe place to work. Rather, defendant breached his common law duty to exercise reasonable care in handling the fuse. This was a duty owed by one employee to another.

*Craft*, 715 S.W.2d at 537[5, 6]. Under the circumstances, defendant was found to be a "third person" under The Workers' Compensation Law.

In other cases, Missouri courts have undertaken the *Badami* analysis with the result varying depending upon whether the plaintiff pled breach of a duty owed by one employee to another[1] or pled breach of a general duty to provide him a safe work place.[2]

■ Recently, with only a limited discussion of the many intermediate appellate court decisions on the issue, our supreme court confirmed there is a recognized cause

---

1. For cases holding that plaintiff had pled the "something extra" required to impose tort liability upon a co-worker, see *Biller v. Big John Tree Transplanter Mfg.*, 795 S.W.2d 630 (Mo.App. 1990); *Martinez v. Midland Bank & Trust Co.*, 652 S.W.2d 193 (Mo.App.1983).

2. For cases holding that a plaintiff failed to plead actionable negligence against a co-employee because he or she failed to plead "something more" than the mere failure on the part of a co-employee to provide a reasonably safe place to work, see *Holland v. W.A.S.P., Inc.*, 833 S.W.2d 23 (Mo.App.1992); *Stewart v. Little*, 797 S.W.2d 862 (Mo.App.1990); *Gatlin v. Truman Medical Center*, 770 S.W.2d 510 (Mo.App.1989); *J.M.F. v. Emerson*, 768 S.W.2d 579 (Mo.App. 1989); *Parker v. St. Louis County Water Co.*, 668 S.W.2d 182 (Mo.App.1984); *McCoy v. Liberty Foundry Co.*, 635 S.W.2d 60 (Mo.App.1982).

of action in Missouri against a fellow employee for active negligence. *Tauchert v. Boatmen's National Bank of St. Louis,* 849 S.W.2d 573 (Mo. banc 1993). The negligence alleged in *Tauchert* was that an on-site foreman had personally arranged a faulty hoist system for an elevator, and, when the system failed, the elevator fell causing injury to plaintiff. Such allegation was held to state a cause of action against the foreman.

Defendant's alleged act of personally arranging the faulty hoist system for the elevator may constitute an affirmative negligent act outside the scope of his responsibility to provide a safe workplace for plaintiff. Such acts constitute a breach of personal duty of care owed to plaintiff. These actions may make an employee/supervisor liable for negligence ... under the workers' compensation act. *Craft v. Scaman,* 715 S.W.2d 531, 537 (Mo.App.1986). Under the law in this state, defendant may be held liable to plaintiff for his injuries and is not protected by the provisions of § 287.-120.1 RSMo 1986.

849 S.W.2d at 574.[3]

■ The principles of *Tauchert* govern here; namely, if the plaintiffs' allegations charge the defendant with breach of a personal duty of care, then the defendant may be liable to the plaintiffs for Mary Workman's injuries and the defendant is not, in such case, protected by the provisions of § 287.120.1–.2, RSMo.1986. 849 S.W.2d at 574.

Some—not all—of the averments in the plaintiffs' petition indicate that the defendant's affirmative acts caused or increased the risk of Mary's injury, i.e., that defendant personally had thrown packing debris on the floor together with a cardboard box atop the debris and thereafter failed to remove it or warn of its presence. Those acts do not involve a general non-delegable duty of the employer, such as the duty to provide a reasonably safe place to work. *Craft,* 715 S.W.2d at 537. Rather, they are charges that the defendant personally breached her common law duty to exercise reasonable care in handling or disposing of the packing materials and cardboard box. *Id.* "The creation of a hazardous condition is not merely a breach of an employer's duty to provide a safe place to work." *Tauchert,* 849 S.W.2d at 574.

By their petition the plaintiffs charge affirmative negligent acts by the defendant. The acts of the defendant as alleged, if proven, may constitute a breach of personal duty of care owed to Mary. We reverse and remand.

PARRISH, C.J., and CROW, P.J., concur.

## OPINION ON MOTION FOR REHEARING OR TRANSFER

PER CURIAM.

Pursuant to Rules 84.17 and 83.02, the defendant requests we rehear this appeal or transfer it to the Missouri Supreme Court.

The defendant calls our attention to our failure to address her argument that §§ 287.120.1 and 351.355.3, RSMo 1986, are inconsistent in that the employer's immunity under § 287.120.1 is "rendered meaningless" and "eviscerated" by the indemnification provision of § 351.355.3.

■ We do not consider the merits of the defendant's argument. "[C]ourts are not organized and do not function for the purpose of settling abstract or academic questions of law...." *State ex rel. Weber v. Vossbrink,* 333 S.W.2d 298, 301[3] (Mo. App.1960). Appellate courts do not render advisory opinions. *Warren v. Warren,* 601 S.W.2d 683, 687[12] (Mo.App.1980).

In the context of this lawsuit, the defendant's assertion that the statutory provi-

---

**3.** In *Craft,* the Eastern District characterized this court's opinion in *Rhodes v. Rogers,* 675 S.W.2d 107 (Mo.App.1984), as holding that "a corporate officer or supervisory employee is liable for a fellow employee's injuries only if he 'intentionally acted with the specific purpose of injuring [the fellow employee].'" *Craft,* 715 S.W.2d at 536. While we disagree with the *Craft* court's analysis of the import of *Rhodes,* nevertheless, any doubt about the viability of such a view has been laid to rest by our supreme court in *Tauchert.*

sions are inconsistent raises a purely hypothetical issue. If the employer's statutory immunity is negated by the indemnification requirement, the aggrieved entity would be the defendant's employer, which is not a party to this suit.