STATE ex rel. Gene FELDMAN, Relator,

v.

The Honorable Herbert LASKY, Senior Circuit Judge, Circuit Court of St. Louis County, Missouri, Respondent.

No. 65977.

Missouri Court of Appeals, Eastern District, Writ Division Four.

July 19, 1994.

James E. Whaley, James A. Harfst, Brown & James, P.C., St. Louis, for relator.

Burton A. Librach, Christopher C. Oelzen, Librach & Rothman, P.C., Clayton, for respondent.

SMITH, Judge.

Relator, Gene Feldman, seeks a Writ of Prohibition to prevent Respondent, Judge Lasky, from further proceeding in the under-

lying personal injury action, *Harmon v. Feldman*, Cause No. 658516. We make permanent our preliminary Order in Prohibition.

In the underlying *Harmon* suit, Plaintiff, Catherine Harmon brought a personal injury action against Feldman for injuries she allegedly sustained while engaged in her employment at McDonnell Douglas' 110A Building in St. Louis County.[1] Harmon's petition alleges that Feldman was a McDonnell employee charged with the care and maintenance of the walkways and exterior stairways of Building 110A. His negligence was alleged to be:

(5) That the walkway, aisle, or other pedestrian area was dangerous so as to constitute a hazard to pedestrian traffic thereon for the following reasons, to wit:

(a) the surface of such sidewalk and stairway ... was frozen, icy and otherwise slippery;

(b) the surface of such sidewalk and stairway ... was not de-iced, shoveled, salted, cleaned or otherwise properly maintained by Defendant Feldman.

(c) the surface of such sidewalk and stairway ... was improperly and omissively de-iced, shoveled, salted, cleaned or otherwise properly maintained by Defendant Feldman.

(d) Defendant Feldman did fail to utilize proper chemicals, salts or other agents to remove or melt the ice from such sidewalk and stairway....

(e) Defendant Feldman did fail to utilize sufficient amounts of the proper chemicals, salts or other agents or melt the ice from the surface of such sidewalk and stairway....

(f) Defendant Feldman did fail to utilize any alternative measures to improve the traction on the surface of such sidewalks and stairway....

(g) Defendant Feldman did fail to properly utilize any alternative measures to improve the traction on the surface of such sidewalk and stairway....

(h) Defendant Feldman did fail to remove such ice from such sidewalk and stairway loosened by the use of chemicals, salts or other agents to effect the removal of such ice from the sidewalk and stairway....

(i) Defendant Feldman did fail to remove all ice from such sidewalk and stairway, though Defendant Feldman did remove or begin to remove some ice from such sidewalk and stairway....

(j) Defendant Feldman did fail and neglect to exercise reasonable care to effect the complete removal of all ice from such sidewalk and stairway....

(k) Defendant Feldman did fail and neglect to post any signage, warning or other cautions advising Plaintiff of the icy, slippery conditions of such sidewalk and stairway....

Paragraph 6 of the petition goes on to state:

That the Defendant Feldman was negligent in that Defendant knew, or by the exercise of ordinary care should have known of the existence of the aforesaid condition which made the area herein not reasonably safe for the public but that Defendant failed to use ordinary care to remedy it.

Feldman filed a verified motion to dismiss Harmon's action for failure to state a claim upon which relief could be granted and for lack of jurisdiction in the Circuit Court. Judge Lasky denied the motion. Feldman then filed a petition for Writ of Prohibition. We issued a preliminary Order in Prohibition on May 13, 1994.

 Prohibition is the proper remedy to prevent a lower court from acting in excess of its jurisdiction. *State ex rel. McDonnell Douglas Corp. v. Gaertner*, 601 S.W.2d 295 (Mo.App.1980) [1–3]. The purpose behind a writ of prohibition is to avoid useless suits, to minimize inconvenience to the parties, and to grant relief at the earliest possible moment in the litigation. *State ex rel. Agri–Trans Corp. v. Nolan*, 756 S.W.2d 203 (Mo.App. 1988) [1]. Prohibition is particularly appropriate when the trial court, in a case where the facts are uncontested, wrongly decides a matter of law thereby depriving a party of an

---

1. Both parties agree that Harmon is a statutory employee of McDonnell Douglas for the purposes of this action although she was not a direct employee of that corporation.

absolute defense. *State ex rel. O'Blennis v. Adolf,* 691 S.W.2d 498 (Mo.App.1985) [1, 2].

In the underlying case, both parties are in agreement that Harmon fell on icy stairs at Building 110A. Both parties also agree that Feldman was charged by his employer, McDonnell Douglas, with the care and maintenance of the stairwell on which Harmon fell. Respondent determined that Harmon had stated a cause of action against Feldman despite the fact that Harmon was a statutory employee of Feldman's employer, and the alleged injuries to Harmon came about at work due to the icy condition of the stairs. By respondent's ruling, Feldman is denied the absolute defense that Harmon's common law rights against Feldman are superceded by her rights under Missouri Workers' Compensation laws. Therefore, a Writ of Prohibition is proper if Respondent improperly determined Harmon has a cause of action against Feldman.

■ Missouri's Workers' Compensation Law was designed to place the burden of workplace accidents on the employer and ultimately the consuming public. *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175 (Mo.App.1982) [l.c. 180]. An employee's rights under worker's compensation are exclusive and supplant the employee's common law rights. An employee injured performing his work duties and sustaining his injuries because the workplace was unsafe has no common law suit against either the employer or the employer's agent but is relegated to the benefits provided under the Workers' Compensation Law. § 287.120.2 RSMo (1986); *Gabler v. McColl,* 863 S.W.2d 340 (Mo.App.1993) [6–8]. Worker's compensation provides the only means of recovery against an employer for an employee's injury which occurs on the job due to the employer's failure to provide a safe workplace. *J.M.F. v. Emerson,* 768 S.W.2d 579 (Mo.App. 1989) [1].

■ An employee chosen by the employer to implement the employer's duty to provide a safe workplace enjoys the same immunity for a failure to discharge that duty. *Id.* Worker's compensation is the exclusive remedy in such a circumstance unless the injured worker alleges "something more" than the co-employee's failure to implement the employer's duty to provide a safe workplace. *Badami,* 630 S.W.2d at [2, 3].

■ The issue before us is whether Harmon alleged "something more" than Feldman's failure to implement McDonnell's duty to provide a safe workplace. We conclude she has not.

"Something more" has not been specifically defined in cases following *Badami.* A plaintiff may make a cause of action against a co-employee for an affirmative act taken while the co-employee is acting outside the scope of the employer's responsibility to provide a safe workplace, which breaches a personal duty of care that co-employee owed to the plaintiff. *Kelley v. DeKalb Energy Co.,* 865 S.W.2d 670 (Mo. banc 1993) [6, 7]; *J.M.F., supra; Craft v. Scaman,* 715 S.W.2d 531 (Mo.App.1986) [5, 6].

In her petition, Harmon alleges several acts of omission on the part of Feldman. Harmon does not allege any negligent affirmative act by Feldman while acting outside the scope of cleaning the sidewalk and stairs in order to provide a safe workplace. Further, none of Harmon's allegations allege a breach of a personal duty owed to her by Feldman. Harmon's allegations concern only Feldman's alleged breach of the duty he owed his employer to effectively discharge the employer's duty to provide a safe workplace. The allegations are that Feldman failed to discharge the duty to provide a safe place to work he was chosen to implement by his employer. He enjoys the same immunity that the employer does. *J.M.F., supra.*

Respondent contends that the present case is analogous to *Tauchert v. Boatmen's National Bank of St. Louis,* 849 S.W.2d 573 (Mo. banc 1993); *Workman v. Vader,* 854 S.W.2d 560 (Mo.App.1993); and *Craft, supra.* Those cases allowed a common law cause of action against a co-employee. In each of those cases, the court found that the defendant's actions constituted affirmative negligent acts breaching a personal duty of care to the plaintiff outside the scope of a charge to implement the employer's duty to provide a safe workplace. *Tauchert,* 849 S.W.2d at

[3, 4]; *Workman,* 854 S.W.2d at [5]; *Craft,* 715 S.W.2d at [5, 6].

In this case, Harmon has only alleged Feldman failed to effectively clean the sidewalk and stairs in order to implement McDonnell's duty to maintain a safe workplace. There is no mention of any actions creating a personal duty owed Harmon.

Harmon did not allege "something more" than Feldman's failure to discharge his employer's duty to provide a safe workplace. Therefore, we make permanent our preliminary Order in Prohibition and prohibit Respondent from any further action in this case except to dismiss the action.

SIMON, P.J., and CRANE, J., concur.