Leautry B. DAVIS, Plaintiff/Appellant,

v.

Eugene HENRY, et al., Defendants/Respondents.

No. 70037.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 7, 1997.

Ray B. Marglous, P.C., Ray B. Marglous, Christopher J. Quinn, St. Louis, for Plaintiff/Appellant.

Edward C. Vancil and Associates, Inc., Edward C. Vancil, David G. Kullman, Creve Coeur, for Defendants/Respondents.

PUDLOWSKI, Judge.

Leautry B. Davis (Davis) was injured while driving a tractor for Five Star Hauling, Inc., (Five Star). Davis was directed to do so by a general order from the company's president, Eugene Henry (Henry). After receiving workers' compensation, Davis brought an action against Henry personally, alleging active negligence on Henry's part. The trial court granted Henry's motion to dismiss for lack of subject matter jurisdiction. Because Henry's actions were not outside the scope of his employment as a supervisor, we affirm the trial court's dismissal for lack of subject matter jurisdiction.

## I. Background

Because this is an appeal from a motion to dismiss, we assume the facts pleaded by Davis to be true. *Hedglin v. Stahl Specialty Co.*, 903 S.W.2d 922, 924[1] (Mo.App.W.D. 1995). In April 1989 Davis was employed by Five Star as a truck driver. On April 25, Henry ordered Davis to pick up a thirty-five ton load of dry cement from a local cement company, Continental Cement Co., (Continental). The truck Davis drove had five axles. After picking up 70,200 pounds of dry cement, Davis headed back to Five Star. The total weight of Davis' vehicle, including the load of cement, was 98,140 pounds. The uncontroverted facts showed Davis' entire drive was within a commercial zone.

While driving back to Five Star Davis' truck overturned causing extensive injuries. Davis filed a workers' compensation claim, from which he received medical benefits and disability payments. Davis then filed this action against Henry, Continental and the Heil Co.(Heil), who designed the truck Davis was driving at the time of his accident.

In May 1995 the trial court granted Continental's motion for summary judgment. Davis then voluntarily dismissed his action against Heil. Henry filed a motion for summary judgment, arguing he was immune from personal liability for Davis' injuries because his action amounted to nothing more than a failure to provide a safe work environment. Davis' action, Henry argued, lay within the Workers' Compensation Act. In January 1996 the trial court decided to treat Henry's motion for summary judgment as a

motion to dismiss for lack of subject matter jurisdiction. The trial court granted the motion, recognizing Davis was alleging nothing more than Henry's failure to provide a safe work environment. As such, Davis' proper forum was within the Workers' Compensation Act and not with the trial court. From this order, Davis appeals.

## II. Davis' Appeal

In Davis' first point on appeal, he argues the trial court improperly determined it lacked subject matter jurisdiction because no facts existed which showed the court lacked jurisdiction. Although he admits an employer's defense of immunity under the Workers' Compensation Act is treated initially as a motion to dismiss for lack of subject matter jurisdiction, *Tumbas v. J.L. Mason Group, Inc.*, 809 S.W.2d 188, 189–90 (Mo.App.E.D. 1991), Davis believes such a defense does not apply because his claim is against his co-worker, Henry, and not against his employer. We disagree.

■ The general rule is that a supervisor who is charged with implementing a duty to provide a reasonably safe work environment has immunity from personal liability for failing to discharge that duty. *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175 (Mo. App.1982). An injured employee's exclusive remedy for his supervisor's failure to discharge this duty lies within the Workers' Compensation Act. *Id;* § 287.120 RSMo.

■ Missouri, however, has recognized an exception to this rule. In *Badami* this court recognized that where an injured employee has charged "something more" than simply a failure by a supervisor to provide a safe environment, when that supervisor has the duty of providing a safe work place, the supervisor can be personally liable for employee's injuries. *Id* at 180. If "something more" is not alleged, then the supervisor is immune from personal liability.

In cases which have recognized the "something more" element has been met, the supervisor had personally participated in the "something more." *See Hedglin v. Stahl Specialty Co.*, 903 S.W.2d 922 (Mo.App.W.D.1995)(supervisor, who personally arranged for employee to be dangled from the tines of a forklift over a vat of scalding water into which employee fell and died, was held personally liable for death of employee); *Craft v. Scaman*, 715 S.W.2d 531 (Mo.App.1986) (president of a fireworks company personally liable for employee's injuries where president personally held a board directly against spinning spool of fuse to prop it up and fuse caught fire and burned employee operating the machine); *Workman v. Vader*, 854 S.W.2d 560 (Mo.App.S.D.1993) (supervisor personally liable after throwing packing materials on floor and then covering them up with slippery cardboard box); *Tauchert v. Boatmen's National Bank of St. Louis*, 849 S.W.2d 573 (Mo. banc 1993)(summary judgment improper against employee injured when elevator cab suspended by hoist system jerry-rigged by on-site supervisor fell to the bottom of the elevator shaft).

■ We believe the allegations made in Davis' petition when taken as true fail to allege "something more." In his petition Davis alleges two actions taken by Henry which he argues constitute the required "something more:" 1)Henry ordered Davis to pick up the dry cement with a truck which Henry knew or should have known was not capable of transporting a load of such weight; 2)Henry negligently and carelessly failed to adequately instruct Davis of the dangers associated with towing a hauler containing thirty-five tons. We believe these actions constitute nothing more than a failure by Henry to discharge his duty of providing a safe work environment.

The instant case closely mirrors the facts in *J.M.F. v. Emerson*, 768 S.W.2d 579 (Mo. App.1989), where the employee was exposed to the HIV virus when she cut her finger while drawing blood from a patient. The *Emerson* employee alleged many of the same actions Davis has alleged in his petition. Specifically, the *Emerson* employee alleged her supervisor initiated an argument

with her which caused her to become confused and distracted while drawing the blood; her supervisor knew she had not had the proper training in withdrawing blood; and her supervisor knew she was not licensed to perform the procedure. In finding the supervisor had immunity under workers' compensation and the plaintiff had failed to prove "something more," the court recognized that the "... plaintiff has failed to allege anything other than a breach by Defendant of his non-delegable duty of proper supervision to his employer." *J.M.F.*, 768 S.W.2d at 581–82. Here, Davis has alleged nothing more than a breach by Henry of a non-delegable duty of proper supervision owed to Five Star.

We find Henry is immune from personal liability. Davis' cause of action properly lies with workers' compensation. Thus, the trial court was correct in holding it did not have subject matter jurisdiction over Davis' claim.

In Davis' second point on appeal, he argues Henry was actively negligent by directing Davis to drive a load in violation of a § 304.180, RSMo. However, the facts revealed Davis did not drive a load in violation of § 304.180, as § 304.190 provides an exception to the maximum weight requirement where a vehicle is driven exclusively in a commercial zone, as Davis did. Point two denied.

For these reasons, we hold Henry breached his non-delegable duty of proper supervision owed to Five Star. Davis did not allege anything which met the necessary requirement of "something more" than a failure to provide a safe work environment. The trial court properly dismissed Davis' cause of action, finding jurisdiction properly lay in workers' compensation law. Judgment affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.