**Larry A. SIMPSON, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 37336.**

Missouri Court of Appeals,
Western District.

May 13, 1986.

Robert Davis Aulgur, Jefferson City, for appellant.

James K. Journey, Clinton, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

Larry A. Simpson was arrested November 1, 1984, after the vehicle he was driving left the roadway and became stuck in an adjacent yard. Simpson exhibited signs of intoxication and upon testing, he was found to have a blood alcohol concentration of .18 percent. Notice of driver's license suspension was issued pursuant to §§ 302.-500–.540, RSMo.Cum.Supp. 1984[1] and the suspension was affirmed on administrative review.

Simpson then filed a petition for trial de novo under § 302.535.1. Prior to the presentation of evidence at such trial, Simpson moved for dismissal on the ground that the statutory trial de novo procedure, providing that the case be decided by a judge sitting without a jury, was violative of due process under both the Missouri and the United States Constitutions. The trial court granted the motion and ordered Simpson's driver's license reinstated.

On appeal, the Director asserts that § 302.500–.540, does not deprive the licensee of due process because no constitutional right of jury trial is involved in the judicial review of an administrative license

---

1. All statutory references are to RSMo.Cum. Supp. 1984.

revocation. The contention is correct and we therefore reverse the judgment.

The focal point of this appeal is § 302.-535.1 which reads, in pertinent part, as follows:

"Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court * * * Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536, RSMo. * * The case shall be decided by the judge sitting without a jury."

Simpson's argument as presented to the trial court relied on a perceived contradiction in the statute between the provision for a trial under the rules of civil procedure, under which he says he would be entitled to a jury, and the last phrase of the statute specifying that the cause be tried to the court. The assumption underlying the argument is that a right to jury trial has some origin in the civil rules. The assumption is fallacious.

The rules merely reiterate the constitutional guarantee that rights declared by the constitution or given by statute shall be preserved inviolate. Rule 69.01; Missouri Constitution of 1945, art. I, § 22(a). Because the statute applicable to this case affirmatively states that trial be to the court, Simpson has no claim of right to a jury unless the constitution provides that right.

The Missouri Constitution holds inviolate the right to a jury trial "as heretofore enjoyed." Missouri Constitution of 1945, art. I, § 22(a). This provision has been interpreted to mean that the right to trial by jury as it existed under the common law at the time of adoption of the Constitution is to be preserved. *De May v. Liberty Foundry Co.*, 327 Mo. 495, 37 S.W.2d 640 (1931); *Miller v. Russell*, 593 S.W.2d 598 (Mo.App.1979). Other cases have construed the constitutional protection to apply to the right as it existed at the time of the most recent Constitution's adoption. *Vannoy v. Swift & Co.*, 356 Mo. 218, 201 S.W.2d 350 (1947).

The driver's license suspension procedure and the accompanying right to trial de novo review created by § 302.500–.540 did not exist prior to 1983. The right to a jury trial therefore may not be claimed to have been "heretofore enjoyed" either at common law or at the time of adoption of the 1945 Constitution. *State ex rel. Missouri Commission on Human Rights v. Lasky*, 622 S.W.2d 762 (Mo.App.1981).

A further reason for rejecting Simpson's contention lies in the language of the Constitution itself. Art. V, § 18 of the 1945 Constitution states that review of administrative agency decisions by the courts shall be as provided by law. Under legislative authority, the General Assembly provided that review of driver's license revocations ordered pursuant to § 302.500–.540 was to be by a court sitting without a jury. This trial de novo procedure is entirely statutory in origin and is available only in the form which the legislature has provided. *State ex rel. King v. Kinder*, 690 S.W.2d 408 (Mo. banc 1985). The right to a jury trial guaranteed by the Missouri Constitution is not involved. The judicial review procedure embodied in the statute satisfies otherwise the requirements for due process. *Dixon v. Love*, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977); *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

The judgment is reversed and the case is remanded for trial.

All concur.