**STATE of Missouri ex rel., Theodore
C. COYLE, Relator,**

v.

**The Honorable Daniel J. O'TOOLE, Judge
of the Circuit Court of the County of St.
Louis, Missouri, Division 6, Respondent.**

No. 69355.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Feb. 13, 1996.

Klutho, Cody & Kilo, P.C., John A. Kilo & John P. Brown, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Sp. Asst. Atty.

Gen., Mo. Dept of Revenue, Jefferson City, for Respondent.

Before CRANE, C.J., and PUDLOWSKI and KAROHL, JJ.

PER CURIAM.

Theodore C. Coyle (relator-licensee) seeks a Writ of Prohibition to prevent Judge Daniel J. O'Toole of the Twenty–First Judicial Circuit Court from enforcing his order assigning a traffic court commissioner to hear and decide the merits of a petition for trial de novo of a driver's license suspension or revocation. We make the Preliminary Writ in Prohibition permanent.

Licensee's petition for a writ of prohibition arises from a suspension or revocation of his driving privileges in the State of Missouri. He timely requested an administrative hearing. The suspension was sustained. Subsequently, he filed for a trial de novo pursuant to § 302.535 RSMo 1994.[1] Judge O'Toole assigned the case to a traffic court commissioner. Licensee filed a "demand" that a circuit or associate circuit court judge hear his case. Judge O'Toole refused a reassignment.

■ A writ of prohibition is an appropriate remedy to prevent a lower court from exceeding its jurisdiction. *State ex rel. Feldman v. Lasky,* 879 S.W.2d 783 (Mo.App.E.D. 1994). A writ of prohibition functions to avoid meritless suits, to minimize inconvenience to the parties, and to grant relief in the early stages of litigation. *Id.*

■ Relator raises three points. His last point is dispositive. The issue is whether a traffic court commissioner appointed by circuit judges of St. Louis County in the Twenty–First Judicial Circuit pursuant to § 479.500 can hear and determine a § 302.535 petition for trial de novo of a driver's license suspension or revocation. We conclude Judge O'Toole exceeded his jurisdiction by assigning a traffic court commissioner to conduct the trial de novo.

Section 302.500 et seq. sets forth a comprehensive procedure to review a suspension or revocation of a driver's license. *Jenkins v. Director of Revenue,* 858 S.W.2d 257, 260 (Mo.App.W.D.1993); *Simpson v. Director of Revenue,* 710 S.W.2d 25, 26 (Mo.App.1986). In a license suspension proceeding, the Director of Revenue must prove by a preponderance of the evidence, a police officer arrested the licensee upon probable cause to believe he was driving a motor vehicle while his blood alcohol concentration was .10% or more. Section 302.505.1; *Buckley v. Director of Revenue,* 864 S.W.2d 394, 395 (Mo. App.E.D.1993). This determination becomes final unless the licensee requests an administrative hearing before an examiner. Section 302.530.1. If licensee is aggrieved by the decision of an examiner, he may file a petition for a trial de novo by the circuit court. Section 302.535.1.

... The petition shall be filed in the circuit court of the county where the arrest occurred. The case shall be decided by the *judge* sitting without a jury. The presiding judge of the circuit court may assign a *circuit judge* or an *associate circuit judge* to hear such petition. (Our emphasis).

■ The legislature expressly provided in § 302.535 for a hearing before a circuit or associate circuit judge. Where the provisions of a statute are express and unambiguous we are required to enforce it as written. *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343, 349 (Mo.App.1980). The assignment of a traffic court commission violates the mandate of § 302.535.1.

■ There is a second reason Judge O'Toole lacks authority to assign a traffic court commissioner to review license suspensions and revocations. The provisions of § 479.500 provide for traffic court judges and commissioners and describes the procedure for hearing violations and offenses. Under this statute, the Twenty–First Judicial Circuit may create a traffic court which shall be "a division of the Circuit Court." Section 479.500.1.

... Traffic judges may be authorized to act as commissioners to hear *in the first*

---

1. All statutory references are to RSMo 1994.

*instance nonfelony violations of state law* involving motor vehicles, and such other offenses as may be provided by circuit court rule. Traffic judges may also be authorized to hear *in the first instance violations of county and municipal ordinances* involving motor vehicles, and other county ordinance violations, as provided by circuit court rule. (Our emphasis).

Traffic court judges are expected to devote approximately one-third of their working time to traffic judge duties and to be compensated from the state in an amount equal to one-third of the salary provided for associate circuit judges. Section 479.500.4. They are not considered state employees. Section 479.500.4. They shall conduct hearings without a jury and "shall assume an affirmative duty to determine the merits of the evidence presented and the defenses of the defendant and may question parties and witnesses." Section 479.500.5. A party "aggrieved" by the judgment of a traffic judge or commissioner is entitled to a trial de novo of the traffic court case as provided under "§§ 512.180 to 512.320 RSMo" in the event the hearing is not recorded. Section 479.500.7. A number of these provisions conflict with the conduct of a § 302.535.1 de novo hearing.

Finally, when § 479.500 and § 302.535 are read together their inconsistencies are readily apparent. A traffic judge or commissioner may hear only traffic offenses and violations. However, suspension or revocation of a driver's license is neither a nonfelony violation nor an offense defined by state statute or municipal ordinance. Moreover, traffic judges and commissioners are assigned an affirmative duty to determine the merits and defenses of a violation or offense, and the procedure for the hearing before them must be conducted as provided in Supreme Court Rule 37. These requirements are not relevant on a driver's license suspension or revocation de novo review.

Further, traffic court judges and commissioners may hear violations and offenses on or off the record, § 479.500.7, but the later option is not available for a § 302.535.1 hearing. If traffic court judges fail to provide an adequate recording of the hearing, at county expense, an aggrieved person, presumably the licensee, is entitled to a trial de novo. Section 302.535.1 does not provide for a trial de novo by a traffic judge or commissioner followed by a second trial de novo before an associate circuit or circuit judge.

We interpret the conflicting provisions of § 302.535.1 and § 479.500 to exclude the possibility that a traffic court judge or commissioner may hear a statutory suspension or revocation trial de novo.

Respondent relies on Rule 68.01, Masters and Receivers, as authority for Judge O'Toole to assign a traffic court commissioner to hear de novo license cases. This argument is without logic or merit. Many of the provisions of the rule are foreign to a § 302.535.1 proceeding.

The attempt by Judge O'Toole, as presiding circuit judge, to assign a traffic court commissioner to hear de novo and determine a driver's license suspension or revocation expressly violates the provisions of § 302.535.1 and misuses the traffic court commissioner in a manner not authorized by § 479.500.

The preliminary writ is now made permanent.