**Joseph F. BOYER, Jr., Respondent,**

v.

**STATE of Missouri, DIRECTOR OF REVENUE, Appellant.**

**No. 68003.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Rodney P. Massman, Sp. Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for Appellant.

Susman, Schermer, Rimmel & Shifrin, L.L.C., Jess W. Ullom & Joy D. McMillen, St. Louis, for Respondent.

KAROHL, Judge.

The Director of Revenue (DOR) attempts to appeal an order reinstating Joseph Boyer's driving privileges pursuant to § 302.500 et seq. RSMo 1994.[1]

Boyer's driving license was suspended as a result of allegedly driving under the influence with a blood alcohol level of .10. He requested an administrative hearing under § 302.505, which sustained the suspension. He petitioned for a trial de novo hearing under § 302.535. The case was assigned to a traffic court commissioner. The traffic

<hr>

1. All statutory references are to RSMo 1994.

court commissioner heard the case and found Boyer's driving privileges should be reinstated because: (1) the arresting officer did not have probable cause to arrest him; and (2) Boyer did not have a blood alcohol concentration of .10 or more.

Before addressing the issues on appeal, we have an affirmative duty to determine whether we have jurisdiction. *Webster v. City of Cool Valley*, 838 S.W.2d 520 (Mo.App.E.D. 1992).

We find the order is without legal effect. Section 302.500 et seq. provides a comprehensive procedure to review a suspension or revocation of a driver's license. Under § 302.535.1, the petition for trial de novo shall be filed in the circuit court, heard and decided by a circuit judge or an associate circuit judge, not a traffic court commissioner. *State of Missouri ex rel. Coyle v. O'Toole*, 914 S.W.2d 871 (Mo.App.E.D.1996). Also, a traffic court commissioner is not authorized by § 479.500 to hear a driver's license suspension or revocation trial de novo. *Id.*

Boyer's petition remains pending in the circuit court. We remand for a hearing.

REINHARD, P.J., and CRANDALL, J., concur.