**John A. GANTZ, Petitioner/Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Respondent.**

No. 67825.

Missouri Court of Appeals,
Eastern District,
Division One.

May 7, 1996.

Franklin H. Albrecht, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Missouri Department of Revenue, Jefferson City, for respondent.

Before REINHARD, P.J., and KAROHL and GRIMM, JJ.

PER CURIAM.

Petitioner appeals from the circuit court's judgment sustaining the Director of Revenue's (Director) suspension of petitioner's driving privileges and the circuit court's order setting aside a default judgment entered against the Director. We remand in part and dismiss in part.

Petitioner's driving privileges were suspended as a result of allegedly driving with a blood-alcohol content by weight of .10% or more. *See* § 302.505.1, RSMo 1994.[1] The suspension was sustained after administrative review, § 302.505.2, and petitioner petitioned for a trial *de novo*, § 302.535. A

---

1. All statutory citations are RSMo 1994.

default judgment was entered against the Director on August 10, 1992. This court reversed the court's refusal to set aside the default judgment, and remanded for an evidentiary hearing on the Director's motion to set aside the default. *Gantz v. Director of Revenue,* 858 S.W.2d 793 (Mo.App.E.D.1993).

The default judgment was ordered set aside by Judge Quillin on November 30, 1994. The trial *de novo* was conducted in front of a traffic court commissioner, who found that the suspension should be affirmed. The findings and recommendations of the commissioner were adopted and confirmed by Judge Quillin.

■ The disposition of the judgment sustaining the Director's suspension of driving privileges is controlled by our recent case of *Chamberlain v. Director of Revenue,* No. 68964, 921 S.W.2d 138 (Mo.App.E.D.1996). *See also State ex. rel. Coyle v. O'Toole,* 914 S.W.2d 871 (Mo.App.E.D.1996). In *Chamberlain,* we held that a suspension/revocation judgment entered after a trial *de novo* before a traffic commissioner was without legal effect and that the petition remained in the circuit court. *Chamberlain,* 921 S.W.2d at 139.

■ Petitioner also addresses a point on appeal to the circuit court's order setting aside the default judgment. We note that a motion to set aside a default judgment is an independent action, the determination of which is an independent judgment. *Kueper v. Murphy Distributing,* 834 S.W.2d 875, 878 (Mo.App.E.D.1992). "Setting aside a default judgment, if ordered within thirty days of the rendition of that judgment, is a discretionary act from which no appeal lies." *St. Louis County v. Taggert,* 809 S.W.2d 476, 478 (Mo. App.1991).[2] However, if the court sets aside a default judgment more than thirty days after its rendition, the default judgment has become final and the court's order setting aside the default is immediately appealable. *Mid-States Tubulars v. Maverick Tube Corp.,* 735 S.W.2d 142, 145 (Mo.App.1987). Here, the order setting aside the default was

entered by Judge Quillin on November 30, 1994, and set aside a default judgment which became final in September 1992 (before the first appeal). The judgment setting aside the final default judgment became final thirty days after its entry. Rule 81.05(a). Petitioner then had ten days in which to file a notice of appeal. Rule 81.04(a). Petitioner's notice of appeal was, however, filed on February 17, 1995. Petitioner's appeal from the court's order setting aside the default judgment was untimely and that portion of the appeal is dismissed. *See In re Marriage of Short,* 847 S.W.2d 158, 161 (Mo.App.S.D.1993).

We dismiss petitioner's appeal of the order setting aside the default judgment and remand for a new trial *de novo* on petitioner's petition seeking to set aside the Director's suspension of his driving privileges.

---

2. Any appeal from an order setting aside a default before the judgment becomes final lies from the judgment on the merits, not from the order setting aside the default judgment. *Taggert,* 809 S.W.2d at 478.