**John Joseph ADLON, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

**No. 69012.**

Missouri Court of Appeals, Eastern District, Division One.

July 16, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Special Asst. Atty. Gen., Missouri Dept. of Revenue, Jefferson City, for appellant.

Thomas A. Connelly, P.C., St. Louis, for respondent.

Before REINHARD, P.J., and KAROHL and GRIMM, JJ.

**PER CURIAM.**

Director of Revenue (Director) appeals from the circuit court's judgment reinstating petitioner's driving privileges. We remand.

Petitioner's driving privileges were suspended after he was arrested for driving with a blood-alcohol content by weight of .10% or more, § 302.505, RSMo 1994.[1] The suspension was sustained following an administrative hearing, §§ 302.505.2 and 302.530, and he requested a trial de novo, § 302.535. The case was assigned to a traffic court commissioner, who heard the case and reinstated petitioner's driving privileges. The findings and recommendations of the commissioner were adopted and confirmed by an Associate Circuit Judge.

On appeal, Director contends the reinstatement order is without effect because the case was heard by a traffic court commissioner. We agree. This case is controlled by our recent decision in *Chamberlain v. Director of Revenue*, 921 S.W.2d 138 (Mo.App. E.D. 1996). *See also State ex. rel. Coyle v. O'Toole*, 914 S.W.2d 871 (Mo.App. E.D.1996). In *Chamberlain*, we found that an order entered after a trial *de novo* heard by a traffic commissioner was without legal effect and that the petition remained in the circuit court. *Chamberlain*, 921 S.W.2d at 138.

Petitioner concedes that the commissioner "had no jurisdiction to hear the evidence in the court below." However, he asserts that remanding the case would violate his "constitutional right to due process and equal protection" and asks us to dismiss the appeal. This argument is wholly without merit and requires no discussion.

Because Director's first point is dispositive, we do not address the remaining point on appeal.

Remanded.

---

1. All statutory citations are RSMo 1994.