Daniel J. KUHLMAN, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

Daniel J. KUHLMAN, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

Nos. 70998, 71084.

Missouri Court of Appeals,
Eastern District,
Division One.

March 25, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Department of Revenue, Jefferson City, for appellant.

Sean James O'Hagan, Jones, Korum, Waltrip & Jones, Clayton, for respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

**PER CURIAM.**

In this consolidated appeal, appellant, the Director of Revenue ("Director"), appeals two different decisions of the Circuit Court of the County of St. Louis, rendered in Cause No. 21L96–00285 and Cause No. 21L95–00946. We reverse the trial court's order entered in Cause No. 21L96–00285 and remand the matter in Cause No. 21L95–00946 to the trial court.

The disposition of these cases turns on a lengthy and confusing procedural history: Driver was arrested on September 16, 1995, for driving while intoxicated and received notice that his license was subject to revocation as a result. RSMo §§ 302.505 and 302.525.[1] Driver requested an administrative hearing pursuant to RSMo § 302.530, which was granted. The hearing officer sustained the revocation, and driver then filed a petition in the circuit court for a trial *de novo*. RSMo § 302.535. This petition was identified as Cause No. 21L95–00946. The trial court assigned the case to a commissioner who conducted the hearing on driver's petition. The commissioner found the revocation should be affirmed. Her findings and recommendations were adopted and confirmed by the trial court in an order dated January 31, 1996.

On February 13, 1996, this Court issued its opinion in *State ex rel. Coyle v. O'Toole*, 914 S.W.2d 871 (Mo.App. E.D.1996), wherein we made permanent a preliminary writ of prohibition preventing a circuit court judge from assigning a commissioner to hear a trial *de novo* which had been filed pursuant to RSMo § 302.535. We held such an act was in excess of the trial court's jurisdiction. *Id.* at 872.

On April 1, 1996, driver filed a second petition requesting a trial *de novo* on the same license revocation that was at issue in Cause No. 21L95–00946. The second petition, identified as Cause No. 21L96–00285, detailed the procedural history of the revocation and cited to *Coyle* and its finding that the assignment of a commissioner to hear a

---

1. All statutory references are to RSMo 1994 unless otherwise noted.

trial *de novo* exceeded the trial court's jurisdiction. The petition further requested the trial court reinstate driver's driving privileges. Pursuant to driver's second petition, the trial court entered a stay order with respect to the revocation of driver's license.

On April 16, Director responded by filing a motion to dismiss the second petition, Cause No. 21L96–00285, asserting the trial court lacked subject matter jurisdiction. Director also filed a motion to quash the stay order. On June 5, the trial court denied both motions, made the stay order permanent, and ordered driver's license be reinstated and the revocation removed from driver's record.

On June 27, 1996, Director filed both a motion to set aside the June 5 order entered in Cause No. 21L96–00285 (the second petition) and to dismiss the cause, as well as a motion for rehearing with respect to Cause No. 21L95–00946 (the original petition). On July 25, the trial court denied Director's motion to set aside the court's June 5 order in Cause No. 21L96–00285, and Director proceeded to file her notice of appeal in that matter with this court (Appeal No. 70998). On August 7, 1996, the trial court denied Director's motion for rehearing in Cause No. 21L95–00946, and Director filed her notice of appeal in that cause as well (Appeal No. 71084). This Court granted Director's motion to consolidate the two cases.

On appeal, Director contends the trial courts erred in refusing to order a trial *de novo* before a judge or associate judge in Cause No. 21L95–00946, as the order entered by the court after a trial by a commissioner was void, and erred in reinstating driver's license in Cause No. 21L96–00285, as the petition conferred no jurisdiction on the court.[2] We agree.

■ *Coyle* made it clear that a traffic commissioner cannot conduct a trial *de novo* in statutory suspensions or revocations. 914 S.W.2d at 873. Cases addressing the issue after *Coyle* have held any order entered after such a proceeding is without legal effect, and leaves the driver's petition pending in the circuit court. *Chamberlain v. State, Director of Revenue*, 921 S.W.2d 138, 139 (Mo.App. E.D.1996); *see also Klipsch v. Lohman, Director of Revenue*, 931 S.W.2d 197 (Mo.App. E.D.1996); *Battle v. Director of Revenue, State of Missouri*, 930 S.W.2d 533 (Mo.App. E.D.1996). Accordingly, the order entered in this case on January 31, 1996, pursuant to driver's petition in Cause No. 21L95–00946, is without legal effect. Furthermore, as driver's petition in Cause No. 21L95–00946 remains pending in the circuit court, we remand so the court can conduct a trial *de novo* in compliance with the current provisions of RSMo § 302.535.[3]

■ With respect to the order entered by the court in Cause No. 21L96–00285 (the second petition), we find the trial court lacked subject matter jurisdiction to act on that petition: RSMo § 302.530.7 provides a driver must file his or her petition for a trial *de novo* within fifteen days of being notified of the Department of Revenue's decision in driver's administrative hearing. The legal file contains a copy of the notice sent to driver dated December 20, 1995, informing him of the Department's decision to revoke his license. Driver's second petition was filed on April 1, 1996, clearly beyond the fifteen-day limit imposed by statute. Driver's untimely filing deprived the circuit court of jurisdiction to entertain any action upon the petition. *Danner v. Director of Revenue*, 919 S.W.2d 285, 287 (Mo.App. W.D.1996). Accordingly, the trial court's order denying Director's motion to dismiss, entering a permanent stay against the enforcement of the Department's revocation, and reinstating driver's privileges is reversed.

---

**2.** Driver filed a "Reply to Appellant's Brief" which was stricken by this court for failure to comply with Supreme Court rules.

**3.** We note the legislature amended RSMo § 302.535, effective August 28, 1996, to allow the presiding judge of the circuit court to assign these matters to traffic judges.

Based on the foregoing, the matter in Cause No. 21L95–00946 is remanded for a trial *de novo,* and order entered by the trial court in Cause No. 21L96–00285 is reversed.